## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
DENNIS KING and KAREEM MORGAN,      :
                                    :
            Plaintiffs,             :   CIVIL ACTION
                                    :
     v.                             :   No.  07-0704
                                    :
RIDLEY TOWNSHIP, et al.,            :
                                    :
            Defendants.             :
```

**MEMORANDUM AND ORDER**

**JOYNER, J.**                                  **December 17, 2008**

Presently before the Court is Defendants' Motion for Partial Summary Judgment (Docket No. 24).[1]  For the reasons set forth below, Defendants' Motion is DENIED IN PART and GRANTED IN PART.

**BACKGROUND**

In February of 2007, Plaintiffs Dennis King and Kareem Morgan filed suit against Ridley Township, Ridley Township Police, Detective Scott E. Willoughby, and Unknown John Doe Police Officer alleging violations of various rights secured under the Constitution and laws of the United States and seeking

---

[1] Plaintiffs' Responses to Defendants' Motion for Partial Summary Judgment was untimely filed.  Pursuant to Local Rule of Civil Procedure 7.1, any party opposing a motion should respond within fourteen (14) days after service of the motion.  Defendants' Motion for Partial Summary Judgment was filed and served on November 17, 2008.  Therefore the response was due by December 1, 2008.  Plaintiffs' Response, however, was not filed until December 9, 2008.  In addition, the majority of Plaintiffs' arguments within their response are unsupported by case authority and fail to meet their burden.
    Continued failure to comply with the Federal Rules of Civil Procedure or the Local Rules of Civil Procedure will require the Court to take appropriate actions.

1

redress pursuant to 42 U.S.C § 1983.  Plaintiffs' complaint alleges that on the morning of July 15, 2005,[2] Plaintiffs were asleep in Mr. King's legally parked vehicle at the Ridley Park Apartments.  Plaintiffs allege that Mr. King was sleeping in the driver's seat, while Mr. Morgan slept in the passenger's seat.  They were suddenly awoken, however, by the loud rapping of a hard object against the vehicle.  Without having an opportunity to respond, the complaint alleges that Mr. King felt "the cold steel barrel" of a gun against his temple and when Mr. King began to turn his head, the "officer slid the gun into [his] mouth."  The officers allegedly then opened the doors of the vehicle, forcefully threw both Plaintiffs to the ground, and handcuffed them.  Mr. King was subsequently made to stand up and a gun was again held to his head.  Meanwhile, Mr. Morgan was forced to remain on the ground with a knee to his back and neck.  Plaintiffs assert that the officers detained them for approximately fifteen minutes, during which time they were subjected to multiple racial epithets.  Specifically, they allege that the officers said repeatedly, "[W]e don't like niggers sleeping in a car in [our] county."  Both Plaintiffs are African American.

    Plaintiffs complaint alleges that the officers' actions

---

[2] Plaintiffs allege that the incident took place sometime between 9:30 and 10:00 a.m.

violated the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the federal Constitution, as well as the unspecified provisions of the Pennsylvania Constitution.[3]  They further alleged that Ridley Township violated these same federal and state constitutional provisions by maintaining an "official custom and policy" of "knowingly, recklessly, or with gross negligence fail[ing] to instruct, supervise, control [or] discipline" its police officers, resulting in the Plaintiffs' constitutional and statutory rights being violated in multiple ways. See Compl. at Count V, ¶ 3.

In a Memorandum and Order dated July 17, 2007, the Court granted Defendants' Motion for Partial Dismissal and dismissed Plaintiffs' claims under the Fifth Amendment, Eighth Amendment, and Due Process Clause of the Fourteenth Amendment of the U.S. Constitution against all Defendants, any claims arising under the Pennsylvania Constitution against all Defendants, and any claims

---

[3] As previously stated in the Court's Order granting Defendants' Partial Motion to Dismiss, Plaintiffs ostensibly filed a "five count" Complaint, it is somewhat difficult to understand how these counts are distinguishable.  Without any meaningful relationship between the Complaint's counts and claims, the Court will simply disregard the former in discussing (and assessing) Plaintiffs' Complaint.  To take just one example, Plaintiffs repeat in each of the five counts that Defendants violated their Fifth and Fourteenth Amendment rights.
    The Court also notes, again, that Plaintiffs original complaint repeatedly alleged that Defendants' conduct violated §1983. See, e.g., Compl. at Count III, ¶ 4.  That is not possible, however, because §1983 does not create any substantive rights but only confers a statutory right of action. Plaintiffs may have a claim under 42 U.S.C. § 1985 because they allege Defendants "conspired" to deprive them of their "rights, privileges and immunities guaranteed by the Constitution and laws of the United States . . . ." Compl. at Count V, ¶ 3(g).  Plaintiffs have still failed in their amended complaint to correct this apparent oversight.

3

against the Ridley Township Police Department.  Plaintiffs subsequently filed an Amended Complaint replacing Defendant Unknown John Doe Officer with Police Officer Steve Banner and Sergeant John Hamil.  The Amended Complaint also reasserted the same claims previously dismissed.  Rather than filing a second Motion for Partial Dismissal, however, the parties filed stipulations to dismiss the Plaintiffs' claims under the Pennsylvania Constitution, the Fifth and Eighth Amendment of the U.S. Constitution, the Due Process clause of the Fourteenth Amendment of the U.S. Constitution, and all claims against Detective Scott E. Willoughby and Ridley Township Police Department, which the Court signed on November 18, 2008.

Defendants have now moved for summary judgment on Plaintiffs' Unlawful Seizure, Equal Protection, and Municipal Liability claims.[4]  The only claim Defendants do not seek to dismiss is Plaintiffs' excessive force claim.[5]

In support of their motion, Defendants have submitted deposition testimony of both Plaintiffs and of Police Officer Steve Banner, Sergeant John Hamil, and Detective Scott E.

---

[4] The Defendants also seek to dismiss a claim for failure to intervene. As discussed below, however, this request is moot.

[5] Defendants assert in their Motion for Partial Summary Judgment that the claims remaining in Plaintiffs' Amended Complaint after the stipulations of dismissal are excessive force, unlawful seizure, equal protection violation and a municipal liability claim against Ridley Township.  Upon review of Plaintiffs' Amended Complaint, the Court agrees with characterization of the remaining claims.

4

Willoughby.  The Plaintiffs deposition testimony does not differ significantly from their allegations in their complaint, however, it does include testimony that Plaintiff King gave Officer Banner and Sergeant Hamil consent to search his car and that the Plaintiffs went to Taylor Hospital following the incident.  It also includes the Plaintiffs's explanation of how and why the Plaintiffs came to be sleeping in the parking lot.[6]

The deposition testimony of Officer Banner and Sergeant Hamil gives an entirely different account of what occurred between the parties.  According to Officer Banner and Sergeant Hamil, the officers arrived on the scene in response to a call from the apartment complex owner who had contacted the police and reported the Plaintiffs sleeping in the parking lot.  The officers allege that they approached the car and saw Mr. Morgan with his head face down in Mr. King's lap and that it appeared to the officers the men were engaging in oral sex.  The officers then knocked on the window or side of the car.  Mr. Morgan than attempted to exit the car but was unable to because Sergeant Hamil was standing next to the passenger side of the car.  Shortly thereafter, according to the officers, Mr. King recognized Sergeant Hamil from a previous encounter and Mr. King,

---

[6] Plaintiffs assert that they went to the apartment complex because Plaintiff Morgan intended to get money from his children's mother, who lived in the apartment complex.  They allege that they arrived at around 1:30 a.m., but the mother, though allegedly expecting the Plaintiffs to arrive, did not answer her phone when they called.  They decided to sleep in their car in the parking lot because Plaintiff King was too tired to continue driving.

Mr. Morgan and Sergeant Hamil engaged in friendly banter before the officers sent the Plaintiffs on their way.  The officers deny ever brandishing their weapons, using racial epithets, placing the Plaintiffs on the ground, or handcuffing them.

## **STANDARD OF REVIEW**

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Material facts are those that may affect the outcome of the suit.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  An issue of material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson, 477 U.S. at 248.

If the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the non-moving party to "do more than simply show there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  If the non-moving party bears the burden of persuasion at trial, "the moving party may meet its burden on summary judgment by showing that the nonmoving party's evidence is insufficient to carry that burden."  Kaucher v. County of Bucks, 456 F.3d 418, 423 (3d Cir. 2006) (quoting Wetzel v. Tucker, 139 F.3d 380, 383 n. 2 (3d Cir. 1998)).  In conducting our review, we view the record in the light most

favorable to the non-moving party and draw all reasonable inferences in that party's favor.  See Nicini v. Morra, 212 F.3d 798, 806 (3d Cir. 2000).  However, there must be more than a "mere scintilla" of evidence in support of the non-moving party's position to survive the summary judgment stage.  Anderson, 477 U.S. at 252.

## DISCUSSION

Pursuant to §1983,

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (2000).  The purpose of §1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.  Wyatt v. Cole, 504 U.S. 158, 161 (1992).  Section 1983 is thus not itself a source of substantive rights but rather provides a cause of action for the vindication of federal rights.  Rinker v. Sipler, 264 F.Supp.2d 181, 186 (M.D.Pa. 2003) (citing Graham v. Connor, 490 U.S. 386, 393-394 (1989)).

To make out a claim under §1983, a plaintiff must demonstrate that the conduct of which he is complaining has been

committed under color of state or territorial law and that it operated to deny him a right or rights secured by the Constitution or laws of the United States. Gomez v. Toledo, 446 U.S. 635, 640 (1980); Sameric Corp. v. City of Philadelphia, 142 F.3d 582, 590 (3d Cir. 1998); Moore v. Tartler, 986 F.2d 682, 686 (3d Cir. 1993).

**A. Unlawful Seizure**

The Fourth Amendment, applied to the States through the Fourteenth Amendment, protects people from unreasonable searches and seizures at the hand of the government. Terry v. Ohio, 392 U.S. 1, 8-9 (1968). "[W]henever a police officer accosts an individual and restrains his freedom to walk away, he has 'seized' that person." Id. at 16. Determining whether a seizure was unreasonable requires a dual inquiry. Id. at 19-20. First, was the officer's action justified at its inception and second, "whether it was reasonably related in scope to the circumstances which justified the interference in the first place." Id. at 20. "[I]n justifying the particular intrusion the police officer must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." Id. at 21.

Pursuant to Terry, a police officer may "conduct a brief, investigatory stop when the officer has a reasonable, articulable suspicion that criminal activity is afoot." Illinois v. Wardlow,

528 U.S. 119, 123 (2000). "A warrantless arrest of an individual in a public place for a felony, or a misdemeanor committed in the officer's presence, is consistent with the Fourth Amendment if the arrest is supported by probable cause." Maryland v. Pringle, 540 U.S. 366, 370 (2003). Use of excessive force, however, "is itself an unlawful 'seizure' under the Fourth Amendment." Couden v. Duffy, 446 F.3d 483, 496 (3d Cir. 2006).

Viewing the evidence in the light most favorable to the Plaintiffs, Defendants have failed to establish that there is no genuine issue of material fact. Defendants presented deposition testimony that Plaintiffs were asleep in their car in the parking lot of an apartment complex at which they did not live, that Defendants responded to a complaint from the complex owner about the Plaintiffs' trespassing, and that Plaintiffs appeared to be laying in a position that gave the Officers reason to believe they were engaging in disorderly conduct. Although Defendants testified they could have arrested Plaintiffs' at the time for disorderly conduct or open lewdness, the parties' versions of the Officers' conduct during the seizure is markedly different. In deciding whether challenged conduct constitutes excessive force, and thus an unlawful seizure, "a court must determine the objective 'reasonableness' of the challenged conduct," Couden, 446 F.3d at 496, which "requires a highly fact-specific inquiry into the circumstances of each particular case." Hammock v.

9

Borough of Upper Darby, No. 06-1006, 2007 WL 3232115, at *5 (E.D. Pa. Oct. 31, 2007). What actually occurred between the Plaintiffs and the Officers' is, therefore, material in determining reasonableness of the Officers' conduct and thus summary judgment is inappropriate.

### B. Equal Protection Violation

The Equal Protection Clause of the Fourteenth Amendment dictates that all persons similarly situated should be treated alike. Plyler v. Dow, 457 U.S. 202, 216 (1982). To state an equal protection claim, a §1983 plaintiff "must allege that he is a member of a protected class, similarly situated to members of an unprotected class, and treated differently from the unprotected class." Pollock v. City of Philadelphia, No. 06-4089, 2007 U.S. Dist. LEXIS 11624, at *11 (E.D. Pa. Feb. 16, 2007) (citing Young v. New Sewickley Twp., 160 Fed. Appx. 263, 266 (3d Cir. 2005)); Cleburne v. Cleburne Living Center, 473 U.S. 432 (1985). An equal protection violation also requires proof of racially discriminatory intent or purpose. Arlington Heights v. Metro. Hous. Dev. Corp., 429 U.S. 252, 265 (1977).

Plaintiffs' complaint appears to allege an equal protection violation based on the Defendant Officers' use of racial epithets. See Am. Compl. at Count IV. Use of racial epithets alone, though deplorable, is not, however, unconstitutional. Salley v. Pa. Dept. of Corrections, 181 Fed. Appx. 258, 266 (3d

10

Cir. 2006); Johnson v. Hackett, 284 F. Supp. 933, 940 (E.D. Pa. 1968); see also Ayala v. Terhune, 105 Fed. Appx. 87, 92 (3d Cir. 2006) (holding that allegations of verbal abuse are not actionable claims under §1983).  Moreover, even if Plaintiffs had alleged more than use of racial epithets alone to support their equal protection claim, Plaintiffs' have failed to provide any evidence that they were treated differently from similarly situated members of an unprotected class.  See, Pollock, No. 06-4089, 2007 U.S. Dist. LEXIS 11624, at *11.  Defendants' motion for summary judgment on Plaintiffs' equal protection claim is, therefore, granted.

### C.  Municipal Liability Claim

Municipal liability under §1983 requires "a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." City of Canton v. Harris, 489 U.S. 378, 385 (1989).  A municipality thus cannot be held liable solely on the basis of its employees' or agent's actions under the doctrine of *respondeat superior*.  Board of County Commissioners of Bryan County v. Brown, 520 U.S. 397, 403 (1997); Must v. West Hills Police Department, No. 03-4491, 2005 U.S. App. LEXIS 4504, at *15 (3d Cir. March 16, 2005).  Rather, the plaintiff must demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged.  Bryan County, 520 U.S. at 404.  That is, a plaintiff

11

must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a causal link between the municipal action and the deprivation of federal rights.  Id. In other words, to recover against a municipality, a plaintiff must demonstrate that municipal policymakers, acting with deliberate indifference or reckless indifference, established or maintained a policy or well-settled custom[7] which caused a municipal employee to violate plaintiffs' constitutional rights and that such policy or custom was the moving force behind the constitutional tort.  Padilla v. Township of Cherry Hill, No. 03-3133, 110 Fed. Appx. 272, 278 (3d Cir. Oct. 5, 2004).  "Proof of a single incident of unconstitutional activity is not sufficient . . . ."  Oklahoma City v. Tuttle, 471 U.S. 808, 823 (1985).

Plaintiffs have failed to introduce any evidence to defeat summary judgment on their municipal liability claim.  Defendants testified that they went through Police Academy Training, received and reviewed manuals regarding proper police procedure, and were periodically updated on applicable law.  Although Plaintiffs alleged that Ridley Township failed to instruct, supervise, control or discipline Defendants on a continuing

---

[7] "Policy" is said to be made when a decisionmaker possessing final authority to establish municipal policy with respect to an action issues an official proclamation, policy or edict.  "Customs" are practices of state officials so permanent and well-settled as to virtually constitute law.  Berg v. County of Allegheny, 219 F.3d 261, 275 (3d Cir. 2000), quoting Pembaur v. City of Cincinnati, 475 U.S. 468, 481, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986), Monell, 436 U.S. at 691, 98 S.Ct. 2018; Kneipp v. Tedder, 95 F.3d 1199, 1212 (3d Cir. 1996).

basis, they have failed to offer any evidence to support their claim. Defendants' motion for summary judgment on Plaintiffs' claim of municipal liability is, therefore, granted.

### IV. Failure to Intervene

Defendants contest Plaintiffs' Claims of Failure to Intervene. However, after thoroughly reviewing Plaintiffs' Amended complaint, there are no claims that fall within this description. Therefore Defendants' motion to dismiss these claims are moot.

### CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment on Plaintiffs' unlawful seizure claim is DENIED. Defendants' Motion for Summary Judgment on Plaintiffs' equal protection and municipal liability claims is GRANTED. Defendants' Motion for Summary Judgment on Plaintiffs' claim for failure to intervene is DENIED as MOOT. An appropriate order follows. _____

_____

```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

DENNIS KING AND KAREEM MORGAN,    :    CIVIL ACTION
                                  :
    Plaintiffs,                   :    No. 07-0704
                                  :
    v.                            :
                                  :
RIDLEY TOWNSHIP, et al.,          :
                                  :
    Defendants.                   :
                                  :

## ORDER

AND NOW, this 17th day of December, 2008, it is hereby ORDERED that Defendants' Motion for Partial Summary Judgment pursuant to Federal Rule of Civil Procedure 56(c), (Doc No. 24), is GRANTED IN PART and DENIED IN PART. Defendants' Motion for Summary Judgment on Plaintiffs' unlawful seizure claim is DENIED. Defendants' Motion for Summary Judgment on Plaintiffs' equal protection and municipal liability claims is GRANTED. Defendants' Motion for Summary Judgment on Plaintiffs' claim for failure to intervene is DENIED as MOOT.

                                          BY THE COURT:


                                          s/J. Curtis Joyner
                                          J. CURTIS JOYNER, J.